Entered on Docket
March 07, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 5, 2016





_____
DENNIS MONTALI
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOHN JOSEPH VIOLA, aka Giuseppe Viola,<br><br>          Debtor. | Bankruptcy Case<br>No. 10-30904DM<br><br>Chapter 7 |
| TRACY HOPE DAVIS, United States Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>JOSEPH JOHN VIOLA, aka Giuseppe Viola,<br><br>          Defendant. | Adversary Proceeding<br>No. 10-3154DM<br><br>U.S.D.C. No. CV16-00181 EMC |

CERTIFICATION BY BANKRUPTCY JUDGE AND
RECOMMENDATION TO DISMISS APPEAL

I.  INTRODUCTION

The court's local rules (specifically, B.L.R. 8007-1(c)) permit the bankruptcy court to recommend to the district court that an appeal be dismissed if an appellant fails to perfect an appeal in the manner prescribed by Federal Rule of Bankruptcy

-1-

```
 1   Procedure 8009.¹
 2         In this case, the appellant's appeal in the adversary
 3   proceeding is untimely, is not specific as to the order or
 4   judgment being appealed, at best is an appeal of an interlocutory
 5   order and is premature to the extent that it seeks review of
 6   future orders.  Moreover, the appellant has employed a shotgun
 7   approach to designating documents for inclusion in the appellate
 8   record, severely impeding the bankruptcy court's ability to
 9   certify and transmit the record. Consequently, the appellant has
10   failed to perfect the appeal as required by Bankruptcy Rule 8009.
11   For these reasons, the bankruptcy court recommends that the appeal
12   be dismissed.
13
14   II.   DISCUSSION
15         On January 8, 2016, appellant, chapter 7 debtor and
16   defendant, Joseph John Viola ("Mr. Viola"), filed a notice of
17   appeal in this adversary proceeding (10-3154) (the "AP") (Docket
18   No. 63).  The chapter 7 trustee commenced this AP by objecting to
19   Mr. Viola's discharge.  The Office of the United States Trustee
20   ("UST") subsequently took over the prosecution of the AP.  The
21   notice of appeal does not identify the specific order being
22   appealed, even though Bankruptcy Rule 8003(a)(3)(B) requires that
```

---

[1] The Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") were revised effective December 1, 2014.  These amendments renumbered several Bankruptcy Rules, including Bankruptcy Rule 8006, which is now Bankruptcy Rule 8009.  The Bankruptcy Local Rules are in the process of being revised to conform with the national rule amendments.  B.L.R. 8007-1(c) will soon be 8009-1(b)(2), and the cross reference to Bankruptcy Rule 8006 will be changed to Bankruptcy Rule 8009.  For convenience the current versions of the Bankruptcy Rules and the B.L.R. are used here.

-2-

the notice of appeal "be accompanied by the judgment, order or decree, or part of it, being appealed."

Mr. Viola's notice of appeal bears both the main case number and the adversary proceeding number and does not identify any specific order being appealed. Instead, it seeks review of:

> (T)he <u>final</u> orders of the United States Bankruptcy Court, for the Northern District of California, San Francisco Division, taken in <u>resolution of the matters of the above captioned involuntary petition</u>, entered through to 5 December 2015, and including, pursuant to FRAP 4(a)(4)(B)(I), an order <u>contemplated by the court yet to be made</u>, referencing FRCP 35(b), entered 20 October 2015.

The most recent orders in the AP were entered on September 17, 2015 at Docket No. 52 ("September Order") and on October 20, 2015 at Docket 60 (the "October Order"), months before the notice of appeal was filed on January 8, 2016. The September Order overruled Mr. Viola's September 1 (Docket No. 51) objection to the court's order dated July 6, 2015, dismissing his counterclaim in the AP.[2] The October Order, which is presumably the subject of the notice of appeal as it was the last order entered in the AP, overruled an opposition by Mr. Viola to entry of a clerk's default against him. Thus the appeal is not only untimely under Bankruptcy Rule 8002(a) (setting a 14-day deadline for filing a notice of appeal from an order, judgment or decree of the

---

[2] As noted in the September Order, the contentions asserted in the counterclaim had been overruled and disposed of by the bankruptcy court, the district court, and the Ninth Circuit (which found his appeal to be frivolous). For a history of the multiple motions, objections, and appeals, see pages 1-4 of the September Order, attached hereto.

-3-

bankruptcy court), it is also interlocutory,[3] as entry of a clerk's default is simply a procedural step in requesting and obtaining a default judgment. To date, the plaintiff (the UST) has not filed a request for entry of a default judgment.

On February 3, 2016, Mr. Viola filed a Statement of Issues To Be Presented And Designation Of Record on Appeal (the "Designation"). The Designation seeks

> those matters and orders resulting therefrom in both the case in chief and the above referenced adversary proceeding, beginning with Dkt. No. 38 in AP No. 10-5154-DM, filed 10 April 2015, through to the orders entered in the case in chief on 9 December 2015, and including any order which may yet issue in resolution of the order entered 20 October 2015.

Designation, Docket No. 67 in the AP.

Because of the vague nature of the designation, the court transmitted all documents filed in the adversary proceeding and the UST has designated other portions of the record in that proceeding. The court has not, however, transmitted unspecified documents in the main case (which contains 450+ docket entries), particularly as the appeal was filed in the adversary proceeding.[4]

---

[3] Pursuant to Bankruptcy Rule 8004(a)(1), a notice of appeal of an interlocutory order must be filed within the same 14-day time period of Bankruptcy Rule 8002.

[4] While the notice of appeal did not mention them, the court did enter three orders in the main case awarding compensation to the chapter 7 trustee, her accountant and her counsel on December 8 and 9, 2015 [Dkt. Nos. 453-455 on the Main Case Docket]. But even if the notice of appeal could be construed to cover these three final orders in the main case, it was filed beyond the 14-day time limit of Bankruptcy Rule 8002(a)(1) and (c)(1). As he is presently incarcerated, Debtor's notice of appeal would be timely only if it had been placed in the prison mail system on or before the last day for filing. See Fed. R. Bankr. P. 8002(c). The last fee order was entered on December 9, so the last day for placing the notice of appeal in the prison mail system was December 23, 2015. The notice of appeal was dated and signed by Mr. Viola on

-4-

```
 1        Apart from all of the forgoing infirmities, a wholly separate
 2   ground exists to dismiss this appeal.  Mr. Viola, while filing In
 3   Forma Pauperis, has not paid the $298 appeal fee nor has he filed
 4   with the district court a request and the affidavit required under
 5   28 U.S.C. § 1915(a)(1) or the trust fund certification required by
 6   28 U.S.C. § 1915(a)(2).  In addition to the filing fee cost
 7   of reproducing the record Mr. Viola has designated could
 8   be substantial and there is no reason to assume Mr. Viola could
 9   advance those costs to the clerk.  See Bankruptcy Rule 8009(a)(5).
10   Finally, as the trial court, this court certifies under 28 U.S.C.
11   § 1915(a)(3) that the appeal has not been taken in good faith.
12   III RECOMMENDATION
13        The court believes that designation and transmission of all
14   **459** documents in the main case would be an enormous and
15   unnecessary burden on this court and its clerk, just as receipt
16   for and review of that voluminous record would be an enormous and
17   unnecessary burden on the district court and its staff,
18   particularly in the absence of a proper appeal of any order in the
19   adversary proceeding or the main case.  Accordingly, this court
20   recommends that the district court dismiss this appeal and excuse
21   the bankruptcy court clerk from transmitting any additional
22   portions of the record.
23                * * *   END OF RECOMMENDATION   * * *
24
25
26
27        _____
28   December 28, 2015.
```

-5-

Case: 10-30904   Doc# 460   Filed: 03/05/16   Entered: 03/07/16 09:19:09   Page 5 of 11
Case: 10-30904   Doc# 462-1   Filed: 03/11/16   Entered: 03/11/16 16:39:12   Page 5 of 12

```
 1                          COURT SERVICE LIST
 2   Mr. Giuseppe Viola
     aka Joseph John Viola
 3   050936
     ASPC YUMA-CIBOLA, 6A47
 4   P.O. Box 8909
     San Luis, AZ 85349
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

-6-

Case: 10-30904    Doc# 460    Filed: 03/05/16    Entered: 03/07/16 09:19:09    Page 6 of 11
Case: 10-30904    Doc# 462-1   Filed: 03/11/16   Entered: 03/11/16 16:39:12    Page 6 of 12

Entered on Docket
September 17, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: September 17, 2015



**DENNIS MONTALI**
U.S. Bankruptcy Judge



UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bankruptcy Case No. 10-30904DM |
| JOSEPH JOHN VIOLA, a/k/a Giuseppe Viola, | Chapter 7 |
| Debtor. | |
| TRACY HOPE DAVIS, United States Trusee, | Adversary Proceeding No. 10-3154DM |
| Plaintiff, | |
| v. | |
| JOSEPH JOHN VIOLA, a/k/a Giuseppe Viola, | |
| Defendant. | |

ORDER OVERRULING DEBTOR'S OBJECTION TO DISMISSAL OF HIS COUNTERCLAIM

On April 10, 2015, chapter 7 trustee Janina Elder ("Trustee") filed a motion to dismiss this adversary proceeding and the counterclaim filed by Joseph John Viola aka Giuseppe Viola ("Debtor"). On May 4, 2015, Debtor filed a request for excerpts of record which did not address the merits of the motion

1

```
 1  to dismiss, but instead indicated that he had no knowledge of
 2  matters occurring in this adversary proceeding and the underlying
 3  case since 2011.
 4       Following hearings on May 8 and June 12, 2015 (and after
 5  Trustee re-served the motion and notice on Debtor on May 11,
 6  2015, as directed by the court), the court entered and served on
 7  Debtor an order dismissing the counterclaim with prejudice and
 8  indicating that it would dismiss the entire adversary proceeding
 9  unless the United States Trustee ("UST") filed a motion to
10  intervene as the party plaintiff no later than August 14, 2015.
11  The UST timely moved to intervene, and the court granted its
12  motion on August 24, 2015.
13       On September 1, 2015, Debtor filed a "Objection to Order re:
14  Plaintiff's Motion to Dismiss and Limited Reply to [UST's] Motion
15  to Intervene and To Be Substituted as Plaintiff."  Again, Debtor
16  did not address the substantive merits of the Trustee's motion to
17  dismiss or the UST's motion to intervene, but instead observed
18  that his responses to the motion to dismiss had been returned or
19  intercepted by others.  Therefore, the court reviewed the prior
20  documents filed by Debtor to determine the basis of his
21  objection.  In essence, Debtor has repeatedly argued to this
22  court and to the district court that the involuntary petition was
23  improperly filed and an order for relief was wrongfully issued,
24  that this court lacks jurisdiction over the case, that counsel
25  for the petitioning parties and the trustee conspired to injure
26  him and deprive him due process, and that the trustee's sale of
27  certain automobiles was invalid and wrongful.  This court issued
28                                  2
```

```
 1 │ multiple orders denying Debtor's requests for relief and
 2 │ explained the basis of its ruling.[1]
 3 │      The district court has likewise rejected Debtor's arguments
 4 │ and denied the relief he sought.  See In re Viola, Case No. 4:11-
 5 │ cv-00817-SBA, United States District Court for the Northern
 6 │ District of California (the "DC Case").  It denied Debtor's
 7 │ motion for an emergency stay of this court's order authorizing
 8 │ the sale of vehicles (Order entered on 10/12/2011 at Docket No.
 9 │ 32 in the DC Case), denied his motion for reconsideration (Order
10 │ entered on 9/28/2012 at Docket No. 40 in the DC Case), denied his
11 │ motion to withdraw the reference (id.), and dismissed his
12 │ district court action (id.).  The district court thereafter
13 │ denied another motion for reconsideration filed by Debtor as well
14 │ as a motion to dismiss the involuntary petition (Order entered on
15 │ 3/19/14 at Docket No. 45 in the DC Case).
16 │      Debtor filed a notice of appeal to the Ninth Circuit (No.
17 │ 14-15686), which dismissed the appeal on August 21, 2014,
18 │ observing that the district court had certified that the appeal
19 │ was not taken in good faith and denying Debtor's motion to
20 │ proceed in forma pauperis "because we also find the appeal is
21 │ frivolous."  (Order available at Docket No. 55 in the DC Case).
22 │ Debtor thereafter "filed several motions and request with the
```

---

[1] These documents include a Motion for More Definite Statement and Motion for Required Joinder(s) filed on September 24, 2010; a Motion to Dismiss with Prejudice and a Counterclaim filed on October 22, 2010; and a Response to Trustee's Motion for Partial Summary Judgment for Denial of Discharge filed on June 13, 2011.

3

```
 1  court" which the Ninth Circuit "decline[d] to entertain" (Order
 2  dated 6/16/15 at Docket No. 58 in the DC Case).  On August 18,
 3  2015, the Ninth Circuit denied yet another motion for
 4  reconsideration filed by Debtor.
 5       Virtually all of the allegations of the counterclaim have
 6  been resolved against the Debtor by this court, the district
 7  court, and the Ninth Circuit.  It is therefore
 8       ORDERED that Debtor's objection to dismissal of his
 9  counterclaim is OVERRULED.
10                     *** END OF ORDER ***
```

4

Case: 10-30904 Doc# 460 Filed: 09/10/15 Entered: 09/10/15 09:56:09 Page 5 of 5

COURT SERVICE LIST

Joseph John Viola
aka Giuseppe Viola
Maricopa County Jail #P657963
201 S. 4th Ave. 3C1 36
Phoenix, AZ 85003

5

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0971-3 | User: awong | Date Created: 3/7/2016 |
| Case: 10-30904 | Form ID: pdfeoc | Total: 2 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| db | Joseph John Viola | 050936 | ASPC YUMA-CIBOLA, 6A47 | P.O. Box 8909 | San Luis, AZ 85349 |
| | Joseoh John Viola   aka Giuseppe Viola | 050936 | ASPC Yuma-CIBOLA, 6A47 | PO Box 8909   San Luis, AZ 85349 | |

TOTAL: 2