UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JOSEPH JOHN VIOLA,<br><br>Debtor.<br><br>―――――――――――――――――――<br><br>JOSEPH JOHN VIOLA,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br><br>Appellee. | Case No. 16-cv-00181-EMC<br><br>**ORDER (1) GRANTING APPELLEE'S MOTION TO DISMISS; (2) ADOPTING IN PART BANKRUPTCY COURT'S REPORT & RECOMMENDATION; AND (3) DENYING APPELLANT'S MOTIONS FOR RELIEF**<br><br>Docket Nos. 9, 11-14, 25, 32 |

Joseph John Viola, proceeding pro se, filed an appeal in both a bankruptcy proceeding and in a related adversary proceeding. Mr. Viola is currently incarcerated in a prison in Arizona. Although Mr. Viola's notice of appeal is not the model of clarity, it appears that, based on the notice of appeal plus his statement of issues to be presented, he is appealing (1) orders issued in the bankruptcy case (Bankruptcy Case No. 10-30904) in December 2015, as well as (2) orders issued in the adversary case (Bankruptcy Case No. 10-03154) in October 2015, plus an order "contemplated by the [Bankruptcy] Court yet to be made." Docket No. 1-1 (notice of appeal). **This order addresses the adversary case.**

In the adversary case, multiple motions have been filed. Tracy Hope Davis, the U.S. Trustee, has moved to dismiss the appeal in the adversary case on the ground that the appeal is untimely. *See* Docket No. 9 (motion). The Bankruptcy Court has also recommended that the appeal in the adversary case be dismissed as untimely. *See* Docket Nos. 11-12 (recommendation to dismiss appeal). Mr. Viola has moved for an injunction pending appeal, *see* Docket No. 13

1  (motion), and further has petitioned for a writ of habeas corpus.  *See* Docket No. 14 (petition).  In
2  addition, Mr. Viola has moved for relief from this Court's order staying appeal briefing deadlines
3  until after the motion to dismiss has been resolved.  *See* Docket Nos. 22, 32 (order and motion for
4  relief therefrom).  Finally, Mr. Viola has moved to strike any responsive appeal brief, if filed after
5  April 7, 2016.  *See* Docket No. 25 (motion).  Each of these motions is addressed below.

## I.  DISCUSSION

### A.  IFP Status

As a preliminary matter, the Court notes that Mr. Viola seeks to proceed in forma pauperis. However, Mr. Viola has not provided a financial affidavit, as required by 28 U.S.C. § 1915(a)(1), nor has he provided a "certified copy of the trust fund account statement (or institutional equivalent) for [himself] for the 6-month period immediately preceding the filing of [his] appeal," as required by § 1915(a)(2).

Mr. Viola contends that he need not provide these documents based on Federal Rule of Appellate Procedure 24(a)(3).  That rule provides as follows: "A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization."  Fed. R. App. P. 24(a)(3).  But that rule is plainly inapplicable because Federal Rule of Appellate Procedure 1 provides that "[t]hese rules govern procedure *in the United States courts of appeals*."  Fed. R. App. P. 1(a)(1) (emphasis added).  This Court is a district court, not a court of appeal.

Accordingly, as the Bankruptcy Court recommended, this Court would well be within its rights to reject Mr. Viola's appeal on the basis that he has not paid the filing fee or shown that he is entitled to proceed in forma pauperis.  Nevertheless, in the interest of moving this case forward, and because this appeal can easily be disposed of on jurisdictional grounds, the Court proceeds to address the pending motions filed in this case.

### B.  Trustee's Motion to Dismiss/Bankruptcy Court's Recommendation of Dismissal

The bankruptcy case is a Chapter 7 involuntary proceeding.  The bankruptcy case was initiated in March 2010.  In September 2010, the adversary proceeding commenced.  The

2

1  adversary proceeding was initiated by the Chapter 7 trustee. In her complaint, the Chapter 7
2  trustee objected to a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2)-(4) and (6). *See*
3  Adversary Proceeding, Docket No. 1 (complaint). Mr. Viola subsequently filed a counterclaim.
4  *See* Adversary Proceeding, Docket No. 13 (counterclaim).

5  In April 2015, the Chapter 7 trustee moved to dismiss both the complaint (on the ground
6  that continued prosecution was not in the best interests of creditors) and the counterclaim (on the
7  ground of failure to prosecute). *See* Adversary Proceeding, Docket No. 38 (motion). In July
8  2015, the Bankruptcy Court dismissed the counterclaim with prejudice but continued the motion
9  to dismiss the complaint in order to give the U.S. Trustee an opportunity to intervene. *See*
10  Adversary Proceeding, Docket No. 45 (order). The U.S. Trustee was subsequently given leave to
11  intervene and took over prosecution of the adversary proceeding. *See* Adversary Proceeding,
12  Docket No. 49 (order).

13  In September 2015, Mr. Viola filed, *inter alia*, an objection to dismissal of his
14  counterclaim. *See* Adversary Proceeding, Docket No. 51 (objection). The Bankruptcy Court
15  issued an order on September 17, 2015, overruling that objection. *See* Adversary Proceeding,
16  Docket No. 52 (order). Thereafter, the U.S. Trustee moved for an entry of default against Mr.
17  Viola. *See* Adversary Proceeding, Docket No. 54 (motion). The Bankruptcy Clerk of Court
18  entered Mr. Viola's default on September 28, 2015. *See* Adversary Proceeding, Docket No. 57
19  (entry of default).

20  Mr. Viola then filed a brief captioned "Opposition to Request for Entry of Default
21  Judgment; and, If Granted by Clerk on an Ex Parte Basis, to Set Aside Such Default Judgment."
22  *See* Adversary Proceeding, Docket No. 59 (opposition). On October 19, 2015, the Bankruptcy
23  Court overruled Mr. Viola's opposition. The Bankruptcy Court emphasized that, at that point,
24  there was no motion for default *judgment* pending before it, only a request for entry of default.
25  *See* Adversary Proceeding, Docket No. 60 (order).

26  It appears that Mr. Viola is now appealing the Bankruptcy Court's order overruling his
27  opposition to the request for entry of default. Mr. Viola also seems to be appealing a
28  "contemplated" default judgment against him. To date, the U.S. Trustee has not filed any motion

3

for default judgment.

Currently pending before the Court is the U.S. Trustee's motion to dismiss the appeal as untimely. The Bankruptcy Court has also recommended that Mr. Viola's appeal be dismissed based on, *inter alia*, lack of timeliness.

Title 28 U.S.C. § 158 provides that an appeal of a bankruptcy court order shall be taken "in the time provided by Rule 8002 of the Bankruptcy Rules."[1] 28 U.S.C. § 158(c)(2). Rule 8002 provides that, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Bankr. R. 8002(a)(1). The rule also provides that,

> [i]f an inmate confined in an institution files a notice of appeal from a judgment, order, or decree of a bankruptcy court, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Bankr. R. 8002(c)(1). Finally, Rule 8002 provides that a "bankruptcy court may extend the time

---

[1] Contrary to what Mr. Viola asserts, "[t]he timely appeal requirement *is* jurisdictional," and "'[t]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review.'" *In Re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (emphasis added).

Mr. Viola's reliance on *Bowles v. Russell*, 551 U.S. 205 (2007), is unavailing. Mr. Viola points out that, in *Bowles*, the Supreme Court stated as follows:

> [I]n *Kontrick v. Ryan*, 540 U.S. 443 (2004), we held that failure to comply with the time requirement in Federal Rule of Bankruptcy Procedure 4004 did not affect a court's subject-matter jurisdiction. Critical to our analysis was the fact that "[n]o statute . . . specifies a time limit for filing a complaint objecting to the debtor's discharge." Rather, the filing deadlines in the Bankruptcy Rules are "'procedural rules adopted by the Court for the orderly transaction of its business'" that are "'not jurisdictional.'"

*Id.* at 210-11. The problem for Mr. Viola is that, here, there is a statute specifying a time limit – *i.e.*, § 158, which then incorporates Rule 8002 by reference. *See, e.g.*, *United States v. Spaulding*, 802 F.3d 1110, 1130 (10th Cir. 2015) ("recogniz[ing] that a time limit in Rule 8002 of the Federal Rules of Bankruptcy Procedure is jurisdictional because a federal statute [§ 158] explicitly directs that certain appeals 'be taken . . . in the time provided by Rule 8002'"); *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) (stating that, "[s]ince the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional").

4

1  to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this
2  rule; or (2) within 21 days after that time, if the party shows excusable neglect." Bankr. R.
3  8002(d)(1).

4  Here, Mr. Viola's notice of appeal was formally filed with this Court on January 8, 2016.
5  However, Mr. Viola is incarcerated, and his notice of appeal is dated December 28, 2015. Mr.
6  Viola has not submitted a declaration or notarized statement certifying that he deposited his notice
7  of appeal in the prison's internal mail system on December 28, 2015. However, for purposes of
8  this opinion, the Court assumes that Mr. Viola deposited his notice of appeal on December 28,
9  2015.

10  The problem for Mr. Viola is that, even with this assumption, his appeal is untimely. Mr.
11  Viola is appealing the bankruptcy court's order of October 19, 2015, which was entered on
12  October 20, 2015. Fourteen days after October 20, 2015, is November 3, 2015. Mr. Viola did not
13  file a notice of appeal by this date. Mr. Viola had until November 24, 2015 (*i.e.*, 21 days
14  thereafter), to ask the bankruptcy court to extend the time to file an appeal, but he did not take that
15  action either. Accordingly, his appeal of the bankruptcy court's order of October 19, 2015, is time
16  barred.[2] The U.S. Trustee's motion to dismiss is granted.

17  The Court has considered the arguments presented by Mr. Viola in his opposition brief and
18  does not find any of those arguments convincing. For example, the U.S. Trustee did not have to
19  submit an affidavit or declaration in support of her motion as she did not file a motion for
20  dismissal for failure to perfect the appeal in the manner prescribed by former Bankruptcy Rule
21  8006 (which addressed designation of the record on appeal). *See* Bankr. L.R. 8007-1(c)(1)[3]
22  (providing that a motion to dismiss for failure to perfect the appeal in the manner prescribed by
23  former Bankruptcy Rule 8006 shall be supported by an affidavit or declaration). Also, the fact that
24  related events took place back in April 2015 (*i.e.*, when the Chapter 7 trustee moved to dismiss

---

[2] To the extent Mr. Viola has suggested in his opposition to the motion to dismiss that he is *also* appealing the Bankruptcy Court's order dismissing his counterclaim (issued and entered on September 17, 2015), he is no better off. His notice of appeal of that order is even more untimely.

[3] The Court's reference here is to Bankruptcy Local Rule 8007-(c)(1), then in effect. New Bankruptcy Local Rules took effect after the U.S. Trustee filed her motion to dismiss.

both the complaint and Mr. Viola's counterclaim) has no bearing on the timeliness of Mr. Viola's notice of appeal. Finally, Mr. Viola's reliance on Federal Rule of Civil Procedure 4 is improper as the bankruptcy statute clearly provides that an appeal of a bankruptcy court order shall be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2).

C. Mr. Viola's Motion for an Injunction Pending Appeal

In light of the Court's ruling above, *i.e.*, that Mr. Viola's appeal is untimely, Mr. Viola's motion for an injunction pending appeal is moot. The Court also notes that, on the merits, Mr. Viola's motion is problematic because he does not address, *inter alia*, why he is likely to succeed on the merits. This ruling, of course, applies only to the adversary case. If Mr. Viola wishes to seek relief in the appeal of the bankruptcy case, he may do so. However, Mr. Viola is forewarned that, to obtain injunctive relief in that appeal, he must show, *inter alia*, a likelihood of success on the merits.

D. Mr. Viola's Petition for a Writ of Habeas Corpus

Similar to above, because the Court has found the instant appeal untimely, Mr. Viola's petition for a writ of habeas corpus is moot. The Court also notes that, on the merits, the petition seems to be premature, as Mr. Viola seems to be contemplating that his physical presence before the Court is necessary in order to litigate the appeal.

E. Mr. Viola's Motion for Relief from Stay Order

As above, Mr. Viola's motion for relief from this Court's order staying the appeal briefing deadlines (pending adjudication of the motion to dismiss) is now moot. The Court also notes that Mr. Viola's claim that the U.S. Trustee's request to stay was untimely is incorrect. Mr. Viola's claim of untimeliness is predicated on Civil Local Rule 6-1(b). *See* Docket No. 33 (Reply at 1) (arguing that, under Civil Local Rule 6-1(b), the U.S. Trustee had to request a stay 14 days before its responsive appeal brief was due). But Civil Local Rule 6-1 addresses enlarging or shortening time. The U.S. Trustee sought a stay, which is technically different from a request for enlarged time. In any event, even if Civil Local Rule 6-1 were applicable, nothing precluded this Court from granting the U.S. Trustee relief from that rule.

F. <u>Mr. Viola's Motion to Strike Any Responsive Appeal Brief</u>

As above, Mr. Viola's motion to strike any responsive appeal brief (if filed after April 7, 2016) is moot given the Court's ruling above. Moreover, the Court expressly granted the U.S. Trustee's request for a stay of further appeal briefing pending adjudication of the motion to dismiss.

## II.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the U.S. Trustee's motion to dismiss the appeal from the order upholding entry of default and **ADOPTS** in part the Bankruptcy Court's recommendation. Mr. Viola's appeal of the order upholding the entry of default is untimely. The Court further **DENIES** Mr. Viola's motions for relief.

The Court notes that its rulings here are applicable to the appeal of the adversary proceeding only. Still pending for resolution is the appeal of the bankruptcy proceeding (which has now been assigned the following case number: No. C-16-2006 EMC). As noted above, the Court understands Mr. Viola's appeal of the bankruptcy proceeding to be with respect to the December 2015 orders issued by the Bankruptcy Court.

This order disposes of Docket Nos. 9, 11-14, 25, and 32.

The Clerk of the Court is directed to close the file in this appeal.

**IT IS SO ORDERED**.

Dated: May 3, 2016

_____
EDWARD M. CHEN
United States District Judge